JOHN T. MULLAN (SBN: 221149)
Email: jtm@rezlaw.com
CHAYA M. MANDELBAUM (SBN: 239084)
Email: cmm@rezlaw.com
MEGHAN F. LOISEL (SBN: 291400)
Email: mfl@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

JAMES M. FINBERG (SBN 114850)
Email: jfinberg@altshulerberzon.com
EILEEN B. GOLDSMITH (SBN 218029)
Email: egoldsmith@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
Email: mjohnson@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Plaintiff DAVID MCDONALD,
And all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MCDONALD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CP OPCO, LLC, dba CLASSIC PARTY RENTALS; INSPERITY PEO SERVICES, L.P.; APOLLO GLOBAL MANAGEMENT, LLC; APOLLO CENTRE STREET PARTNERSHIP, L.P.; APOLLO FRANKLIN PARTNERSHIP, L.P.; APOLLO CREDIT | Case No. 4:17-CV-04915-HSG<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violation of the WARN Act (29 U.S.C. § 2101,** *et. seq.***)**<br>2. **Violation of Cal WARN Act (Cal. Labor Code § 1400,** *et seq***.)**<br>3. **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200,** *et seq***.)**<br><br>/ **JURY TRIAL DEMANDED** |

OPPORTUNITY FUND III AIV I LP; APOLLO SK STRATEGIC INVESTMENTS, L.P.; APOLLO SPECIAL OPPORTUNITIES MANAGED ACCOUNT, L.P.; APOLLO ZEUS STRATEGIC INVESTMENTS, L.P.; and DOES 1-20,

            Defendants.

Plaintiff David McDonald ("McDonald" or "Plaintiff"), alleges, upon information and belief, except as to the allegations that pertain to Plaintiff, which are based upon personal knowledge, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is a former employee of Defendant CP OpCo, LLC, d.b.a. Classic Party Rentals ("Defendant Classic"), Defendant Insperity PEO Services, L.P. ("Defendant Insperity"), Defendant Apollo Global Management, LLC, Defendant Apollo Centre Street Partnership, L.P.; Defendant Apollo Franklin Partnership, L.P.; Defendant Apollo Credit Opportunity Fund III AIV I LP; Defendant Apollo SK Strategic Investments, L.P.; Defendant Apollo Special Opportunities Managed Account, L.P.; and Defendant Apollo Zeus Strategic Investments, L.P. (collectively, "Defendants"). He worked as a Distribution Supervisor at Defendants' Burlingame location until he was terminated without warning on July 11, 2017.

2. Plaintiff alleges that Defendants closed all their facilities or, in the alternative, that Defendants conducted a mass layoff on or around July 11, 2017. Defendants failed to provide notice to their employees 60 days before closing their facilities or conducting a mass layoff as required by the federal Worker Adjustment and Retraining Notification Act ("federal WARN Act"), 29 U.S.C. §§ 2101, *et seq*., and the California Worker Adjustment and Retraining Notification Act ("Cal WARN Act"), Cal. Labor Code §§ 1400, *et seq*.

3. On behalf of himself and all those similarly situated, Plaintiff seeks injunctive and declaratory relief; damages, including back pay and benefits; penalties as provided by the California Labor Code; restitution; pre-judgment and post-judgment interest; and reasonable attorney's fees, costs, and expenses of this action.

**PARTIES AND JURISDICTION**

4. McDonald is a citizen of California, residing in San Mateo County. Plaintiff worked for Defendants as a Distribution Supervisor at Defendants' Burlingame location.

5. Defendant CP OpCo, LLC is a limited liability company organized and existing under the laws of Delaware, headquartered in Inglewood, California, registered to do business in California, and doing business under the name Classic Party Rentals.

6. Defendant Insperity PEO Services, L.P. is a limited partnership organized and existing under the laws of Delaware, headquartered in Texas, and registered to do business in California.

7. Defendant Apollo Global Management, LLC is a limited liability company organized and existing under the laws of Delaware, headquartered in New York.

8. Defendant Apollo Centre Street Partnership, L.P. is a limited partnership organized and existing under the laws of Delaware.

9. Defendant Apollo Franklin Partnership, L.P. is a limited partnership organized and existing under the laws of Delaware.

10. Defendant Apollo Credit Opportunity Fund III AIV I LP is a limited partnership organized and existing under the laws of Delaware.

11. Defendant Apollo SK Strategic Investments, L.P. is a foreign limited partnership organized and existing under the laws of Cayman Islands, and registered with New York.

12. Defendant Apollo Special Opportunities Managed Account, L.P. is a limited partnership organized and existing under the laws of Delaware.

13. Defendant Apollo Zeus Strategic Investments, L.P. is a foreign limited partnership organized and existing under the laws of Cayman Islands, and registered with New York.

14. The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Plaintiff will amend this Complaint to show such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

15. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was an employer, was the principal, agent, partner, joint venture, office, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff further is informed and believes and thereon alleges that each Defendant

acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

16. This Court has original jurisdiction over the first cause of action pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 2101, *et. seq*. This Court has supplemental jurisdiction over the second and third causes of action pursuant to 28 U.S.C. § 1367 because the claims derive from the same common nucleus of operative fact as the federal WARN Act claim and form part of the same case or controversy.

17. The Northern District of California has personal jurisdiction over this matter because Defendants are doing business here, in this District, and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

18. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants may be found in this District and because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this District.

19. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco Division is proper. Plaintiff McDonald, who resides within the Northern District, is a resident of San Mateo County.

## GENERAL FACTS AND ALLEGATIONS

20. Defendant Classic is an event rental company. They provide items such as party tents, dance floors, dinner ware, tables, chairs, draping, lighting, furniture, tableware, and linens for weddings, banquets, and other events.

21. Defendant Insperity operated the human resources side of Defendant Classic's business. This included paying the employees' wages, providing the employees' benefits, and hiring and terminating employees.

22. Defendant Apollo Global Management, LLC was, at all times relevant to the Complaint, a parent company of Defendant Classic.

23. Defendant Apollo Centre Street Partnership, L.P. was, at all times relevant to the Complaint, a parent company of Defendant Classic.

24. Defendant Apollo Franklin Partnership, L.P. was, at all times relevant to the Complaint, a parent company of Defendant Classic.

25. Defendant Apollo Credit Opportunity Fund III AIV I LP was, at all times relevant to the Complaint, a parent company of Defendant Classic.

26. Defendant Apollo SK Strategic Investments, L.P. was, at all times relevant to the Complaint, a parent company of Defendant Classic.

27. Defendant Apollo Special Opportunities Managed Account, L.P. was, at all times relevant to the Complaint, a parent company of Defendant Classic.

28. Defendant Apollo Zeus Strategic Investments, L.P. was, at all times relevant to the Complaint, a parent company of Defendant Classic.

29. Defendant Classic has locations across the country.  Defendant Classic also has multiple locations in California ("Defendant Classic's California Locations"), including in Burlingame, Carpinteria, El Segundo, Los Angeles, Modesto, Napa, Sacramento, San Diego, San Jose, Santa Ana, and Thousand Palms.

30. Defendants employed over 100 fulltime employees on or around July 11, 2017.

31. On information and belief, at each of Defendant Classic's California Locations, Defendants employed 75 or more people, who were not seasonal employees.

32. On information and belief, at the Burlingame location, Defendants employed approximately 135 fulltime, non-seasonal employees on or around July 11, 2017.

33. Defendants employed McDonald for approximately eighteen months as a Distribution Supervisor at the Burlingame location.  McDonald supervised approximately 40 drivers and driver's assistants.  He ensured that the daily activities on the driver's routes went smoothly.

34. McDonald was a fulltime employee, who worked on average 40 or more hours a week.

35. Before the sale of Defendant Classic to Bright Event Rentals, LLC ("Bright"), the General Manager of the Burlingame location told McDonald that the business may be sold, but

///

assured him that his job was not at risk. McDonald relied on the company's representations and continued working for Defendants without looking for other employment.

36. Defendants negotiated the sale of Defendant Classic to Bright, and planned the closing of Defendant Classic's California Locations and the termination of nearly all the employees.

37. On or around July 11, 2017, Bright purchased Defendant Classic.

38. Before July 10, 2017, Defendants did not notify their employees that their employment would be terminated.

39. On July 10, 2017, Defendant Classic's General Manager for the Burlingame facility announced to the supervisors and to the staff who were physically present at the Burlingame facility that their employment was terminated, effective July 11, 2017. He told them that their benefits would cease at midnight, and they could pick up their final paychecks the next day. He also explained that Bright would be at the Burlingame facility on July 11, 2017, and they would have the opportunity to apply for their jobs.

40. Those employees who were not physically present during the announcement, such as drivers who were working away from the facility, did not learn of their termination until coming to work on July 11, 2017.

41. Defendants terminated approximately 135 fulltime employees at the Burlingame facility, over one third of their workforce.

42. On July 11, 2017, McDonald picked up his last paycheck.

43. McDonald applied for a job with Bright, but was rejected. Bright told McDonald that they were not hiring supervisors in his position.

44. Employees whose applications were not rejected on July 11, 2017 were given second interviews at Bright's office later in the week. Some, but not all, of those employees were hired.

45. Employees at the other Defendant Classic California Locations showed up to work on or around July 10, 2017 and found their facilities locked. Defendants told the people who worked at those locations that their employment was terminated effective immediately.

///

46. Late in the week of July 10, McDonald received a letter from Defendant Insperity notifying him that his employment with Defendant Classic and Defendant Insperity was terminated on July 11, 2017. Attached hereto as Exhibit A is the July 11, 2017 "Separation Notice" provided to McDonald by Defendants in which they state that "In accordance with state law, we are notifying you that your employment with CLASSIC PARTY RENTALS and Insperity terminated on 7/11/2017."

47. As of the filing of this action, McDonald remains unemployed.

48. On information and belief, Defendants did not notify the State of California, any entity designated by the State of California to carry out rapid response activities pursuant to 29 U.S.C. §3174(a)(2)(A), the State of California Economic Development Department, or the chief elected official of any city or county in California in which the closure of any of Defendant Classic's California Locations occurred, at least 60 days in advance of those closures.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action on behalf of the following class of similarly situated persons: All persons who were employed by Defendants, at any of Defendant Classic's California Locations and who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code Section 1400), or a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) by Defendants on or around July 11, 2017 (the "Plaintiff Class" or "Class").

50. The proposed Plaintiff Class may properly be maintained as a class action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and/or as a representative action pursuant to California Business & Professions Code Section 17200, which must comply with the same class action certification requirements as Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). Pursuant to those requirements, the Plaintiff Class is so numerous that joinder of all members is impracticable and adjudication as a class action is superior to sustaining individual actions. The Plaintiff's claims are typical of those of the class members and common questions of law and fact exist, which predominate over any questions affecting individual members, as to all members of the Class;
///

A.   <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Plaintiff Class that predominate over any questions affecting individual members, including, but not limited to, the following:

   i.   Whether Defendants were employers under the Cal WARN Act and/or the federal WARN Act.

   ii.   Whether the Class Members were protected under the Cal WARN Act and/or the federal WARN Act.

   iii.   Whether the layoffs on or about July 11, 2017 triggered the requirements of the Cal WARN Act and/or the federal WARN Act.

   iv.   Whether Defendants gave at least 60 days advance written notice to the Class Members before terminating their employment.

   v.   Whether Defendants failed to pay wages and benefits for 60 days in lieu of notice.

   vi.   Whether some or all of the Defendants can prove the narrow exceptions to the Cal WARN Act and federal WARN Act coverage for the layoffs.

   vii.   The proper measure of damages for Defendants' alleged violations.

B.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Plaintiff Class in that Plaintiff and all other Class Members have sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of the law as alleged herein.

C.   <u>Numerosity</u>:  While the exact number of class members is unknown to Plaintiff at this time, the Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.

D.   <u>Superiority of Class Action</u>:  Should separate actions be brought or be required to be brought by each member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other members of the Plaintiff Class who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

E. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Plaintiff Class, in that his claims are typical of those of the other members, and Plaintiff has the same interest in the litigation of this case as the unnamed class members.  Plaintiff is committed to vigorous prosecution of the case, and has retained competent counsel experienced in class action employment litigation.  Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Plaintiff Class.  Plaintiff knows of no management difficulties to be encountered in the management of this litigation that would preclude its maintenance as a class action.

F. <u>Injunctive/Declaratory Relief</u>:  Defendants have acted on grounds that apply generally to the Plaintiff Class in that they had a policy and practice of refusing to provide compliant layoff notice or pay at the time of termination to members of the Plaintiff Class.  Accordingly, injunctive and declaratory relief is appropriate for the Plaintiff Class as a whole.

**FIRST CAUSE OF ACTION**

**(Failure To Provide Timely Written Notice of Mass Layoff or Plant Closing, in Violation of Federal WARN Act, 29 U.S.C. § 2101, *et seq.*)**

51. Plaintiff incorporates in this claim for relief each and every allegation of paragraphs 1 through 50, inclusive, with the same force and effect as though fully set forth herein.

52. At all times herein mentioned, the federal WARN Act, 29 U.S.C. § 2101, *et seq.*, was in full force and effect and fully binding upon Defendants. The WARN Act requires covered employers to give 60 days' notice before conducting a mass layoff.

53. Defendants employed over 100 full-time employees for at least six months of the twelve months preceding the date notice was required by the WARN Act.

54. Defendants closed facilities at Defendant Classic's California Locations.

55. Defendants subjected Plaintiff and the Class to a "mass layoff" within the meaning of  29 U.S.C. § 2101(a)(3), by terminating the employment of 50 or more full-time employees at each facility during a 30-day period.

///

56. Defendants subjected Plaintiff and the Class to a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3), by terminating the employment of at least 33 percent of the full-time employees at each facility during a 30-day period.

57. Defendants subjected Plaintiff and the Class to a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), by terminating the employment of 50 or more full-time employees at each facility.

58. Defendants did not provide Plaintiff and the Class written notice of the "mass layoff" or "termination" 60 days in advance of the "mass layoff" or "plant closing."

59. Defendants' actions constituted a "mass layoff" or "plant closing" without written notice to the Plaintiff and the Class 60 days in advance, thereby depriving Plaintiff and the Class of the notice required by the federal WARN Act.

60. As a result of Defendants' violation of the federal WARN Act, Plaintiff and the Class are entitled to damages, including, but not limited to, back pay wages and benefits, and interest thereon, in an amount to be ascertained at trial.

61. Plaintiff and the Class are also entitled to recover attorneys' fees and costs. 29 U.S.C. § 2104(a)(6).

## SECOND CAUSE OF ACTION

**(Failure To Provide Timely Written Notice of Mass Layoffs, in Violation of Cal. Lab. Code §§ 1400 *et seq.*)**

62. Plaintiff incorporates in this cause of action each and every allegation of paragraphs 1 through 61, inclusive, with the same force and effect as though fully set forth herein.

63. At all relevant times, Plaintiff and the Class were "employees" of Defendants within the meaning of California Labor Code section 1400(h).

64. At all relevant times, Defendants were "employers" within the meaning of Labor Code section 1400(b) and/or joint employers or successors liable for the violations.

65. Defendants owned or operated covered establishments at Defendant Classic's California Locations.

66. On information and belief, Defendants employed 75 or more people at each facility, who were not seasonal employees.

67. Plaintiff and the Class were subjected to a "mass layoff" by Defendants within the meaning of California Labor Code sections 1400(c) and (d) in that each was subjected to a separation from employment for lack of funds or lack of work, and Defendants laid off 50 or more employees during a 30-day period at its covered establishments.

68. Plaintiff and the Class were subjected to a "Termination" by Defendants when Defendants ceased operations at its covered establishments.

69. Defendants did not provide Plaintiff and the Class written notice of the "mass layoff" or "termination" 60 days in advance of the "mass layoff" or "termination."

70. Defendants' actions constituted a "mass layoff" or "termination" without written notice to the Plaintiff and the Class 60 days in advance, thereby depriving Plaintiff and the Class of the notice required by the California WARN Act.

71. Defendants are liable to Plaintiff and the Class for: (1) back pay either at the average regular rate of compensation received by them during the last three years of their employment, or at their final rate of pay, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued. Cal. Lab. Code § 1402. Defendants are liable to Plaintiff and class members for up to 60 days, and interest thereon.

72. Defendants did not notify the State of California, Employment Development Department or the chief elected officials of any affected city or county government in advance of the "mass layoff" or "termination." Pursuant to California Labor Code section 1403, Plaintiff and the Class are entitled to recover a civil penalty of five hundred dollars ($500) for each day of Defendants' violation of the Cal WARN Act.

73. Plaintiff and the Class is also entitled to recover attorneys' fees and costs. Cal. Lab. Code § 1404.

///

///

## THIRD CAUSE OF ACTION

### (Unfair Competition, in Violation of California Business and Professions Code section 17200, *et seq.*)

74. Plaintiff incorporates in this cause of action each and every allegation of paragraphs 1 through 73, inclusive, with the same force and effect as though fully set forth herein.

75. The Unlawful Business Practices Act, California Business & Professions Code §§ 17200 *et seq.*, allows any person or group to seek, on behalf of the general public, relief for unlawful or unfair business acts or practices. Defendants' policies and practices are, and at all relevant times have been, to unlawfully fail to give adequate notices before a mass layoff, termination, or plant closing, in violation of the Cal WARN Act and federal WARN Act.

76. With respect to the claims brought under the Unlawful Business Practices Act, Plaintiff brings his claims on behalf of the general public and on behalf of the Plaintiff Class as defined above.

77. As a result of Defendants' unlawful business practices as alleged herein, Plaintiffs and members of the Class have suffered injury in fact, and lost money or property, as detailed herein.

78. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the Class are entitled to restitution of unpaid wages and benefits alleged herein that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the Class, enjoining Defendants and all persons acting in concert with them from engaging in each of the unlawful practices, policies, and patterns set forth herein.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the Plaintiff Class, and/or others similarly situated, pray for judgment and the following specific relief against Defendant as follows:

///

A. That the Court determine that the claims in this action may be maintained and certified as a class action;

B. That Plaintiff be appointed as the representative of the Class;

C. That counsel for Plaintiff be appointed as Class Counsel;

D. An award of damages according to proof, including but not limited to back pay and benefits;

E. For any and all applicable penalties;

F. For pre- and post- judgment interest;

G. For attorneys' fees and costs of suit;

H. A declaratory judgment that the practices complained herein are unlawful;

I. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

J. For restitution to the full extent permitted by law; and,

K. For such other and further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: November 27, 2017

Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, L.L.P.

By: */s/ John T. Mullan*
JOHN T. MULLAN
CHAYA MANDELBAUM
MEGHAN F. LOISEL

ALTSHULER BERZON
JAMES M. FINBERG
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON

Attorneys for Plaintiff
DAVID MCDONALD, on behalf of himself and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: November 27, 2017

Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, L.L.P.

By: */s/ John T. Mullan*
    JOHN T. MULLAN
    CHAYA MANDELBAUM
    MEGHAN F. LOISEL

    ALTSHULER BERZON
    JAMES M. FINBERG
    EILEEN B. GOLDSMITH
    MEREDITH A. JOHNSON

Attorneys for Plaintiff
DAVID MCDONALD, on behalf of himself
and all others similarly situated

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com