UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>CP OPCO, LLC, et al.,<br><br>Defendants. | Case No.17-cv-04915-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 66 |

Pending before the Court is a motion to dismiss by Defendants Apollo Global Management, LLC; Apollo Centre Street Partnership, L.P.; Apollo Franklin Partnership, L.P.; Apollo Credit Opportunity Fund III AIV I LP; Apollo SK Strategic Investments, L.P.; Apollo Special Opportunities Managed Account, L.P.; and Apollo Zeus Strategic Investments, L.P. (collectively, "the Apollo Defendants"). Dkt. No. 66 ("Mot."). For the reasons set forth below, the Court **DENIES** Apollo's motion.

**I.  DISCUSSION**

On November 27, 2017, Plaintiff David McDonald filed a Second Amended Complaint naming, in part, the Apollo Defendants and Defendant CP OpCo, LLC ("Classic Party Rentals" or "Classic"). Specifically, Plaintiff alleged violations of the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101, *et seq.*, the California Worker Adjustment Retraining Notification ("Cal WARN") Act, Cal. Lab. Code §§ 1400, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"). Dkt. No. 50 (Second Amended Complaint, or "SAC") ¶¶ 51-78. Plaintiff's claims against the Apollo Defendants are based on his assertion that they are parent companies to Classic, who terminated his employment and that of the putative class in July 2017. *See* SAC ¶¶ 22-28, 34-45. In their motion to dismiss,

the Apollo Defendants contend that with respect to their alleged parent-subsidiary relationship with Classic, Plaintiff "does not plead any facts that explain how any of [the] Apollo entities were in any way involved in [the] terminations," rendering his claims fatally conclusory. *See* Mot. at 4; *see also id.* at 5 ("Plaintiff has failed to plead *any* facts . . . from which to infer that [Apollo] could be liable for Classic's alleged WARN Act violation"), 13 (contending that Cal WARN Act claim is "as legally deficient as the federal WARN Act claim, and for the very same reasons"), 18 (stating that UCL claim "rises and falls with the two WARN Act claims").

The Court disagrees. The Apollo Defendants provide no Ninth Circuit authority that supports the heightened pleading standard for which they advocate. At this stage, it is well-settled that Plaintiff need only plead sufficient facts to state a plausible claim, *i.e.*, one that would allow this Court to reasonably infer that the Apollo Defendants are liable for the alleged conduct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, this "plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citations and ellipses omitted). Thus, Plaintiff's allegations regarding the Apollo Defendants' corporate structure and decisionmaking are sufficient. The sort of fact-intensive inquiry the Apollo Defendants seek is more appropriate on summary judgment or, if necessary, at trial.

## II. CONCLUSION

Accordingly, for the foregoing reasons, the Apollo Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/26/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge